IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **ASHLEY GAIL MILLER, #29319-479** § | |
| § | |
| VS. § | **CIVIL ACTION NO. 4:19cv276** |
| § | **CRIMINAL ACTION NO. 4:17cr78(1)** |
| **UNITED STATES OF AMERICA** § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Movant Ashley Gail Miller filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, asserting violations concerning her Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I. BACKGROUND**

Movant was a suspect in a vehicle burglary, and law enforcement officers obtained a search warrant for her home. Officers executed the search warrant on March 31, 2015, finding stolen items, checkbooks, ID cards, methamphetamine, drug paraphernalia, and a Stoeger model 2000 12-gauge shotgun. On April 22, 2015, another search warrant was executed, and digital scales, syringes, and 5.997 grams of methamphetamine (actual) were found. Crim. ECF (Dkt. #238, Sealed). After being charged for conspiracy to possess with intent to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846, Movant pleaded guilty to the charge pursuant to a written plea agreement. Crim. ECF (Dkt. #187). A plea hearing was held on November 22, 2017.

1

Movant's plea agreement was entered under seal, as well as Factual Basis and Findings of Fact. *Id.*(Dkt. ##185-195). On April 6, 2018, the District Court's sentence of 137 months was entered in the record. *Id.* (Dkt. #255). Movant did not file an appeal, but filed the instant § 2255 motion on March 28, 2019, the date she states she placed it in the prison mail system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (the timeliness of petition for determining the effective date of the AEDPA limitations deadline depends on the date prisoner delivered his papers to prison authorities for filing). In the instant § 2255 motion, Movant claims she is entitled to relief based on ineffective assistance of counsel. The Government filed a Response, asserting Movant is not entitled to relief. Movant filed a Reply. For the reasons discussed below, the Court recommends that Movant's §2255 motion be denied.

## II. STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). The role of Section 2255 has been defined by the Fifth Circuit as follows:

> Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.

*United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). "Section 2255 does not reach errors of constitutional or jurisdictional magnitude that could have been reached by a direct appeal." *Id.* Similarly, "issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)); *United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant pled guilty pursuant to a written plea agreement, but reserved for review a sentence exceeding the statutory maximum as well as claims of ineffective assistance of counsel. Movant does not assert her sentence exceeds the statutory maximum, but raises ineffective assistance of counsel claims.

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690.

The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697. When a movant pleads guilty, as in this case, he must also show that, but for trial counsel's alleged deficient performance, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

**A.     Failure to Object**

Movant first claims Counsel was ineffective because he did not object to the firearm enhancement. The record shows that a two-point enhancement was added to Movant's offense-level computation because a firearm was located under Movant's bed near drug paraphernalia and methamphetamine in plain sight. Crim. ECF (Dkt. #238). Movant's total offense level was then reduced by three points for acceptance of responsibility. After adjustments were made, Movant's total offense level and criminal history category of VI yielded a guidelines range of 110-137 months. The statutory provision range was five years to forty years. *Id*.

If a dangerous weapon is possessed during the unlawful manufacturing, importing, exporting, trafficking, or possession, including the attempt of or conspiracy to commit such a crime, U.S.S.G. § 2D1.1(b)(1) provides for a two-level enhancement. To show the enhancement was proper, the Government must have established by a preponderance of the evidence that Movant's loaded 12-

4

gauge Stoeger 2000 shotgun facilitated, or had the potential of facilitating, that felony offense. *See United States v. Terry*, 20 F. App'x 386, 387 (6th Cir. 2001); *see also United States v. Paine*, 81 F.3d 759, 763 (8th Cir. 1996) (finding that a temporal and spatial nexus between a rifle and conspiracy to distribute cocaine was sufficient to impose the § 2D1.1(b)(1) enhancement). Applying this standard, the Government must have shown that the weapon was found in the approximate same location where drugs or drug paraphernalia were stored or where part of the transaction occurred. *United States v. Eastland*, 989 F.2d 760, 770 (5th Cir. 1993).

In this case, the shotgun was found in Movant's bedroom close to drugs, drug paraphernalia, and stolen property. It is axiomatic that the weapon, at the least, had the potential to facilitate the manufacture and distribution of methamphetamine from Movant's home. Accordingly, the enhancement was appropriately applied. As a consequence, any objection Counsel would have made would have been overruled. Counsel is not required to make frivolous or futile motions or objections. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002); *Koch* , 907 F.2d at 527.

**B.     Failure to Inform of Appellate Rights**

Movant also claims Counsel was ineffective because he failed to inform her of her right to appeal or consult with her concerning an appeal. In *Flores-Ortega*, the Supreme Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either: (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." 528 U.S. at 479. Even if the defendant does not instruct counsel to file an appeal, counsel has a constitutional duty to consult with the defendant concerning appeal. *Id.* at 480. When counsel breaches the constitutionally-imposed duty

5

to consult, prejudice is not presumed and the "defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. "[E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Id.* at 485. However, "[t]he defendant need not show 'that his hypothetical appeal might have had merit.' " *United States v. Bejarano*, 751 F.3d 280, 285 (5th Cir. 2014) (quoting *Flores-Ortega*, 528 U.S. at 486).

The record shows that Movant was advised of her right to appeal numerous times. First, in Movant's plea agreement, Movant was advised that she reserved a limited right to appeal. Crim. ECF (Dkt. #187). Specifically, the plea agreement stated that Movant could appeal a sentence that exceeds the statutory maximum or a claim of ineffective assistance of counsel. The plea agreement itself outlined Movant's appellate rights, and in it, she stated that Counsel had fully advised and consulted with her concerning her waiver and her rights. *Id*. Movant affirmed that Counsel had fully advised her, and that she had a complete understanding of the terms of the plea agreement, including her waiver of appeal and reservation of issues that were appealable. *Id*.

Additionally, the transcript from the Plea Hearing shows that Movant was again fully advised. In the Plea Hearing, Movant stated that she had read and discussed each provision of the Plea Agreement with Counsel, including the waiver of appeal and those issues reserved for appellate review. Crim. ECF (Dkt. #290 pp. 13-19). She stated that she understood the agreement fully as well as her limitations concerning an appeal. *Id*. Finally, United States District Judge Marcia Crone also advised Movant at the Sentencing Hearing concerning her limited right to appeal. Judge Crone explained:

> You have a right to appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary or if there was some other fundamental defect in the proceedings that was not waived by your guilty plea. You have a statutory right to appeal your sentence under certain circumstances, particularly if you think the sentence is contrary to law. A defendant, however, may waive those rights as part of a plea agreement; and you've entered into a plea agreement which waives certain rights to appeal your conviction and sentence.
>
> With the exception of the reservation of the right to appeal on specified grounds set forth in the plea agreement, you've waived any appeal, including collateral appeal, of any error which may have occurred surrounding the substance, procedure, or form of the conviction and sentence in this case. Such waivers are generally enforceable; but if you believe the waiver is unenforceable, you can present that theory to the appellate court.
>
> With few exceptions, any notice of appeal must be filed within 14 days of judgment being entered in your case. If you're unable to pay the cost of an appeal, you may apply or leave to appeal in forma pauperis. If you so request, the clerk of the court will prepare and file a notice of appeal on your behalf.

*Id*. (Dkt. #289, pp. 9-10).

It is indisputable that Movant was thoroughly advised of her appellate rights. She affirmed in several instances that Counsel had consulted with her and she was satisfied with his counsel and representation. Additionally, Movant fails to present any evidence showing that a rational defendant would want to appeal or that she demonstrated to Counsel that she wished to appeal. In fact, a rational defendant would not want to appeal under these circumstances. Movant's plea agreement allowed only allowed two issues for review: a sentence exceeding the statutory maximum and an ineffective assistance of counsel claim. Her sentence did not exceed the statutory maximum, and claims of ineffective assistance of counsel are properly raised in collateral proceedings – not on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504-06 (2003). It is well settled that bringing a claim of ineffective assistance of counsel on direct appeal is often considered futile as the record is typically not sufficiently developed. *See, e.g., United States v. Urias-Marrufo*, 744 F.3d

361, 367 (5th Cir. 2014).

In sum, Movant fails to show that there were nonfrivolous grounds for appeal that hypothetically might have had merit. *Flores-Ortega*, 528 U.S. at 484 ("[E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant. . . ."); *Bejarano*, 751 F.3d at 285 (Other than Berjarano's testimony that he would have appealed, the court found that nothing in the record supporting this supposition and that it was "implausible in light of the other evidence."). Movant also presents nothing showing that, but for Counsel's alleged ineffectiveness, she would have filed an appeal. *Flores-Ortega*, 528 U.S. at 484. Thus, to the extent that Movant complains Counsel failed to consult concerning an appeal, she fails to show deficient performance or that the outcome of the case would have been different. *Strickland*, 466 U.S. at 694.

## IV. CONCLUSION

In conclusion, Movant fails to meet her burden in showing that Counsel's performance was deficient or that, but for Counsel's alleged deficient performance, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. She fails to show that, but for trial counsel's alleged deficient performance, she would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. Finally, Movant fails to show that Counsel failed to advise or consult concerning her appellate rights, *Flores-Ortega*, 528 U.S. at 484.; accordingly, she is not entitled to relief. For these reasons, the motion should be denied.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §

2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is recommended that the court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is recommended reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended the court find Movant is not entitled to a

certificate of appealability.

## VI. RECOMMENDATION

It is recommended the above-styled motion for relief under 28 U.S.C. § 2255 be denied and this case be dismissed with prejudice. It is further recommended a certificate of appealability be denied.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 15th day of August, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE